**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LATONYA DALE,

    Plaintiff,

v.                                                      Case No. 13-cv-14891
                                                              Hon. Mark A. Goldsmith

ABDUL EL-KADRI, et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION FOR QUALIFIED PROTECTIVE ORDER (DKT. 12)**

Plaintiff Latonya Dale originally filed the instant action against Defendants Abdul El-Kadri and Ameriprise Auto & Home Insurance Agency, Inc. ("Ameriprise") in Wayne County Circuit Court. See Compl. (Dkt. 1-2). The suit arises out of an automobile accident between Plaintiff and Defendant El-Kadri, who was driving a car purportedly owned by Ameriprise. Id. ¶¶ 6-9. Plaintiff claims that Defendant El-Kadri "struck Plaintiff's vehicle . . . causing grievous injuries to the Plaintiff." Id. ¶ 10. Plaintiff alleges that she "sustained injuries generally throughout her entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time." Id. ¶ 15. She also claims that the "injuries sustained by the Plaintiff constitute a serious impairment of body function, and serious and permanent disfigurement." Id. ¶ 17. Defendants removed the case to this Court thereafter. Notice of Removal (Dkt. 1).

On January 29, 2014, Defendant El-Kadri filed a "motion for qualified protective order and authorization pursuant to health insurance portability and accountability act (HIPAA)." Def. Mot. (Dkt. 12). Defendant requests that the Court enter an order (1) requiring Plaintiff's medical care providers to provide all medical records in their possession to Defendant's counsel; (2)

1

allowing Plaintiff's medical care providers to discuss information concerning Plaintiff's medical care with counsel for Defendant; (3) precluding Defendant from disclosing the information for any purpose other than this litigation; and (4) requiring Defendant's counsel to destroy or return to the provider any documents or other materials obtained from them. Id. at 7-8.

The Court held a telephonic scheduling conference with the parties on February 3, 2014, during which Plaintiff's counsel indicated that they would let the Court know by February 7, 2014 whether Plaintiff opposes Defendant's motion. Plaintiff's counsel never so informed the Court. Moreover, Plaintiff did not file a response to Defendant's motion, and the time to do so has now expired. See E.D. Mich. LR 7.1(e)(2).

The Court has reviewed Defendant's motion, and interprets Plaintiff's silence as raising no opposition to Defendant's request. The Court further finds that the facts and legal arguments are adequately presented in Defendant's papers, such that the decision would not be significantly aided by oral argument. See E.D. Mich. LR 7.1(f)(2). Accordingly, the Court resolves the matter on the motion papers, and orders as follows:

1. The Court authorizes the disclosure and sharing of Plaintiff Latonya Dale's "personal health information" protected under the Health Insurance Portability and Accountability Act (hereinafter "HIPAA") (42 U.S.C. § 1320d, et seq.) and the regulations promulgated thereunder (45 C.F.R. §§ 160, 164, et seq.) pursuant to the terms and conditions contained in this Order.

2. Plaintiff Latonya Dale's health care providers, including, but not limited to, examining, testing and/or treating doctors and other medical personnel shall provide copies of all records and may discuss the Plaintiff, Latonya Dale's, medical conditions and past, present and future treatment with counsel for the Defendant.

3. This Order does not compel the health care provider to participate in an interview or meeting against his or her wishes, nor to occur outside the presence of the health care provider's attorney if he or she wishes to have one present. The purpose of the interview or meeting conducted by attorneys for Defendant and/or Defendant's agent is to assist Defendant in his defense of the above-referenced action brought by Latonya Dale. The meeting or interview is not at the request of Latonya Dale; however, Latonya Dale and her counsel are on notice of the existence of this Order.

4. All covered entities under HIPAA, including, but not limited to, the health care providers, examining, testing and/or treating doctors and other medical personnel of Latonya Dale are authorized and permitted to disclose and/or share Latonya Dale's personal health information to the attorneys or agents of Defendant. The personal health information of Latonya Dale may be provided orally in discussions with Defendant's attorneys and/or agents or in written, visual or other recorded form. The consent of or notice to Latonya Dale and/or her attorneys is not required prior to the disclosure of this information by any health care provider.

5. Counsel for Defendant is permitted to use or disclose protected information for all purposes involved in this action, except as limited by the Federal Rules of Civil Procedure for discovery and subject to the Federal Rules of Evidence for use at trial. Upon resolution of this action, counsel for Defendant who receives written or otherwise recorded protected health care information of the Plaintiff, Latonya Dale, shall destroy or return the information (including all copies made) to the health care provider.

6. Defendant's motion (Dkt. 12) is granted. The Court cancels the hearing set for March 12, 2014.

SO ORDERED.

Dated: February 25, 2014          s/Mark A. Goldsmith
Flint, Michigan                   MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2014.

                                  s/Deborah J. Goltz
                                  DEBORAH J. GOLTZ
                                  Case Manager